**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4624**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

JONATHAN DUJAN GARDIN,

         Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00005-FDW-DCK-1)

Submitted:  August 24, 2021            Decided:  August 26, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Dujan Gardin pled guilty to two counts of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2; brandishing a firearm during and in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2, and discharging a firearm during and in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. The district court imposed an aggregate 220-month sentence consisting of concurrent 16-month terms on the Hobbs Act robbery offenses, a mandatory consecutive 84 months on the brandishing offense, and a mandatory consecutive 120 months for discharging a firearm during and in furtherance of a crime of violence. Gardin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Gardin filed a pro se supplemental brief challenging his conviction and sentence for brandishing a firearm during a crime of violence. For the reasons that follow, we affirm.

Citing *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that § 924(c)'s residual clause is unconstitutional), Gardin challenges his brandishing conviction because he contends that he did not use force or violence during the commission of the offense. However, the predicate crime of violence for the brandishing conviction was Hobbs Act robbery, which qualifies as a crime of violence under § 924(c)'s force clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). We therefore find no error in Gardin's conviction for brandishing a firearm during the commission of Hobbs Act robbery.

We review Gardin's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that

2

the court "committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citations omitted).

Our review of the record convinces us that Gardin's sentence is both procedurally and substantively reasonable. The district court imposed the statutorily-mandated minimum sentences for the firearms offenses.[*] With respect to the sentence imposed for the Hobbs Act robbery convictions, the district court properly calculated the applicable 33- to 41- month advisory Guidelines range, considered the parties' sentencing arguments, and adequately explained its reasons for the downward variant, 16-month sentence imposed.

---

[*] Gardin's consecutive 7- and 10-year sentences for the firearms offenses do not violate the anti-stacking amendment to 18 U.S.C. § 924(c)(1)(C), because that amendment concerns only the enhanced 25-year mandatory minimum sentence for subsequent § 924(c) convictions.

Gardin fails to rebut the presumption of substantive reasonableness accorded his below Guidelines sentence. *Id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gardin, in writing, of the right to petition the Supreme Court of the United States for further review. If Gardin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gardin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*